Filed 9/7/21  P. v. Kincherlow CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B310653 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA141321-03) |
| v. | |
| KOBE KINCHERLOW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Kobe Kincherlow appeals from the judgment entered after he was resentenced in accordance with this court's instructions in Kincherlow's direct appeal. (*People v. Smith* (Sept. 9, 2020, B290425) [nonpub. opn.].) No arguable issues have been identified following review of the record by Kincherlow's appointed appellate counsel or our own independent review. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Following a jury trial Kincherlow and his confederate Justin Glen Smith were convicted of various gang-related crimes arising from their participation in a scheme to extort money from a recycling center in South Los Angeles. We affirmed the convictions and remanded the matters as to both Kincherlow and Smith for resentencing due to several sentencing errors, as well as to permit the trial court to apply new ameliorative sentencing legislation.

Specifically with respect to Kincherlow, the trial court had originally sentenced him as a third strike offender to 25 years to life for robbery, plus 10 years for a criminal street gang enhancement and one year for a firearm enhancement, plus a consecutive term of 14 years to life as a second strike offender for conspiracy to commit extortion to benefit a criminal street gang, plus five years for a prior serious felony conviction (aggregating 55 years to life). The court imposed concurrent sentences of 22 years for assault with an assault weapon with enhancements, 24 years for assault with a semiautomatic weapon with enhancements, three years for possession of a firearm by a felon and life plus one year for extortion with enhancements. The court also imposed $240 in court operation assessments, $180 in court construction fees and a restitution fine of $5,000.

The sentence on the robbery charge, we explained on appeal, was incorrect.  Rather than imposing Penal Code section 186.22, subdivision (b)(1)(C)'s 10-year criminal street gang enhancement for a violent felony, the court should have imposed the 15-year minimum parole eligibility of section 186.22, subdivision (b)(5).  In addition, Kincherlow had been convicted of both conspiracy to commit extortion and the underlying crime of extortion.  The trial court ordered the sentences for the two offenses to run concurrently, but, as the Attorney General conceded, the sentence for extortion (including enhancements) should have been stayed under Penal Code section 654.

The enhancements for Kincherlow's concurrent sentence for assault with a semiautomatic firearm were also misapplied.  Kincherlow was sentenced to the upper term of nine years, to which the court added 10 years for the true finding on the gang enhancement and five years for the prior serious felony enhancement under Penal Code section 667, subdivision (a), for a total of 24 years.  The prior serious felony enhancement should not have been applied to both this count and to the count for assault with an assault weapon since determinate terms were imposed for each aggravated assault.  As for the gang enhancement, the court imposed 10 years under Penal Code section 186.22, subdivision (b)(1)(C), when it should have imposed the five-year enhancement under subdivision (b)(1)(B), as the crime was a serious felony, not a violent one.

We also held Kincherlow was entitled to the benefit of Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1, 2), which, effective January 1, 2019, gave the trial court discretion to strike the formerly mandatory five-year prior serious felony enhancement of Penal Code section 667, subdivision (a), and

Senate Bill No. 136 (Stats. 2019, ch. 590, § 1), which, effective January 1, 2020, limited the one-year prior prison term enhancement of Penal Code section 667.5, subdivision (b), to certain sexually violent offenses.  Finally, we held at resentencing Kincherlow could request an ability-to-pay hearing with respect to the imposition of fines, fees and assessments as provided in our decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

At the resentencing hearing held January 27, 2021, the trial court followed our directions and imposed an aggregate indeterminate sentence of 26 years to life:  25 years to life as a third strike offender for robbery, plus one-year for the firearm enhancement with a minimum 15-year parole eligibility.  A term of 14 years to life for conspiracy to commit extortion (seven years to life doubled as a second strike offender) was imposed to run concurrently with the sentence for robbery.  The five-year prior serious felony enhancements pursuant to Penal Code section 667, subdivision (a), were dismissed; the prior prison term enhancements were stricken; and the court corrected the gang enhancement on the concurrent aggravated assault sentence.  Sentence on the extortion count was stayed, as we had instructed.

The court denied Kincherlow's motion to waive all fees, fines and assessments, but reduced the restitution fine from $5,000 to $300 based on Kincherlow's financial status.  The other fines and fees remained the same.

Kincherlow filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Kincherlow on appeal. After reviewing the record, counsel filed a brief raising no issues.

On July 19, 2021 counsel wrote Kincherlow and advised him that counsel intended to file a no-issue brief and that Kincherlow personally could submit his own supplemental letter brief in which he identified any contentions or issues he wished us to consider.  We have received no response.

We have reviewed the entire record in this case and are satisfied appellate counsel for Kincherlow has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

5